UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BASS STREET MOLINE, LLC, ) | |
| ) | Chapter 11 |
| ) | |
| Debtor in Possession. ) | Case No. 22-80459 |
| ) | |

**MOTION FOR ORDER ENFORCING AUTOMATIC STAY AS TO DEPOSIT ACCOUNTS, CUSTOMER ACCOUNTS AND REQUEST FOR EXPEDITED HEARING AND RELATED RELIEF**

NOW Comes BASS STREET MOLINE, LLC., Debtor In Possession ("Debtor"), by and through its proposed[1] undersigned counsel, and for its motion (the "Motion") for entry of an order that specified parties (the "Specified Creditors") which are identified herein: (i) be prohibited by the automatic stay provisions of 11 U.S.C. §362(a) from making deposit account deductions or demands for payment from customers or depositories of the Debtor; (ii) authorizing the Debtor's deposit account institutions and customers to distribute funds to the Debtor free of any payment demands by the Specified Creditors, (iii) that the relief granted be without prejudice to the Specified Creditors to subsequent relief and orders of the Court granting relief from the automatic stay provisions; (iv) grants the requested and other relief on an expedited/emergency hearing (the "Expedited Hearing") basis pursuant to Bankruptcy Rules 4001(b)(2) and 9006.

---

[1] Objection deadline is August 19, 2022.

1

**In support of the Motion, the Debtor states:**

1. Debtor filed this Subchapter V Chapter 11 on July 29, 2022, and it is acting as Debtor in Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §1408. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (G) & (K).

3. The Subchapter V trustee is Stephen Wallace, and, the Debtor bas made a Subchapter V election.

4. Debtor is a high-end restaurant in the Quad Cities with approximately 30 employees on a nationwide basis, with thirty-two (32) employees that work at the restaurant in Moline, Illinois. There are also two-three members of the LLC as investors. In addition, there are several vendors especially one key vendor. The continued use of deposit accounts and collection of customer credit card receipts, free from creditor interference, is a necessity for the Debtor to remain a going concern for the benefit of the bankruptcy estate.

5. According to records of the Debtor, the following pre-petition creditors lent funds to the Debtor through "Merchant Cash Advances" (MCAs), whereby funds are loaned based on a volume or percentage of anticipated cash receipts rather than assigning (or "factoring") specific accounts receivable: **BIZFUND LLC[2], FOX CAPITAL GROUP, INC. AND FUNDING METRICS, LLC d/b/a LENDINI[3]** (collectively the "Specified Creditors").

---

[2] Bizfund LLC has filed two lawsuits against this debtor in New York in Kings County, Index Numbers 520631/2022 and 520628/2022 which remain pending despite at least two notices to Bizfund's attorney, Brian Schechter who has so far ignored such entreaties.

[3] Counsel is still reviewing and sorting this out.

2

6. On information and belief, the Debtor asserts that the Specified Creditors do not hold assignments or sales of specific cash accounts of the Debtor; however, the Debtor and its proposed counsel will continue to review the MCA and other loan documents as they are received.

7. In connection with the loans made by the Specified Creditors, and upon information and belief the Debtor was required to give authorization for direct deduction of customer's cash payments from its deposit accounts. Most, if not all, of the Specified Creditors have deduction demands on file with the Debtor's deposit bank or Shift4, LLC a depository. Further, some of the Specified Creditors have made threats of demands against the Debtor or Debtor's depository pursuant to the MCA agreements.

8. The Debtor asserts that all of its deposit accounts are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

9. The Debtor asserts that all of its customer cash payments are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

10. The Debtor asserts that any attempts of the Specified Creditors to collect on their pre-petition debts through demands against the Debtor's deposit accounts or customer cash receipts, without an order from this Court, would be a violation of the automatic stay provisions of 11 U.S.C. §362(a)(3), (6) & (7).

11. The Debtor therefore requests entry of an order that directs the Specified Creditors to cease any attempts to make deductions from the Debtor's deposit accounts and/or demands against its customer accounts or its depository.

12. The Debtor further requests that the order authorize the Debtor's deposit account institutions and customers to distribute funds to the Debtor free of any payment demands by the Specified Creditors.

13. The relief requested herein would be without prejudice to the Specified Creditors seeking subsequent orders of this Court for relief from the automatic stay or other determinations as to their rights.

14. As the relief requested herein is necessary for the Debtor to operate, and the relief requested herein is without prejudice to the Specified Creditors seeking further final relief, the Debtor respectfully asserts that an expedited hearing[4] with shortened notice.

## RELIEF REQUESTED

WHEREFORE, Debtor requests the following relief:

1. An order directing **BIZFUND LLC, FOX CAPITAL GROUP, INC. AND FUNDING METRICS, LLC d/b/a LENDINI** to cease attempts to make deductions from the Debtor's deposit accounts and to make demands against its customer cash receipts held by depository Shift4, LLC, without prejudice to any of those specified parties seeking subsequent order(s) of this Court for relief from the automatic stay or other relief;

2. An order authorizing the Debtor's deposit account institutions and customers to distribute funds to the Debtor free of any payment demands by **BIZFUND LLC, FOX CAPITAL GROUP, INC. AND FUNDING METRICS, LLC d/b/a LENDINI**, without prejudice to any of those specified parties seeking subsequent order(s) of this Court for relief from the automatic stay or other relief;

---

[4] Upon information and belief, it is Shift4, LLC's practice to forward such funds by the 19th of the month so that time is of the essence in addressing this relief.

4

5

    3.      That this Court grant the interim relief on an expedited/emergency hearing basis pursuant with shortened notice pursuant to Bankruptcy Rule 9006;

    4.      For such other and further relief as is just.

Dated: August 15, 2022

          Respectfully Submitted,

          BASS STREET MOLINE, LLC, Subchapter V, Chapter 11 Debtor-In-Possession,

          By: /s/ Dale G. Haake
               Dale G. Haake

          By: /s/ Aaron M. Curry
               Aaron M. Curry

Dale G. Haake (03124381)
Aaron M. Curry (06326786)
KATZ NOWINSKI P.C.
1000 36th Avenue
Moline, IL 61265
Telephone:  309-797-3000
Email: dhaake@katzlawfirm.com
S:\DGH\PLEAD\Bass Street.Enf.Auto.Stay.docx

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all parties to the above cause, to each of the attorneys of record herein, at the respective addresses or via electronic service set forth below on August 15, 2022.

**22-80459 Notice will be electronically mailed to:**

Sumner A. Bourne on behalf of Interested Party Clean Energy Renewables, LLC
notices@rafoolbourne.com, archivelegal9@gmail.com;bournesr78612@notify.bestcase.com

Dale G Haake on behalf of Debtor Bass Street Moline, LLC
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;kkeller@katzlawfirm.com;haakedr85771@notify.bestcase.com

Shanna M. Kaminski on behalf of Interested Party Fox Capital Group, Inc.
skaminski@kaminskilawpllc.com

Paul A Osborn on behalf of Creditor BankORION
osborn@wmpj.com

Sabrina M Petesch on behalf of U.S. Trustee U.S. Trustee
sabrina.m.petesch@usdoj.gov

U.S. Trustee
USTPRegion10.PE.ECF@usdoj.gov

Steven Wallace
steven@ghalaw.com

Steven M. Wallace on behalf of Trustee Steven Wallace
steven@ghalaw.com, denise@ghalaw.com

Jamie Fowler Wiley on behalf of U.S. Trustee U.S. Trustee
jamie.wiley@usdoj.gov

**22-80459 Notice will not be electronically mailed to:**

Courtesy copy to:

Bass Street Moline, LLC
1425 River Drive
Moline, IL 61265

/s/ Dale G. Haake
Dale G. Haake (03124381)
Katz Nowinski P.C.
1000 36th Avenue
Moline, IL 61265
309-797-3000
dhaake@katzlawfirm.com